Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Robert J. Leistner
Linda A. Leistner**
  Debtor(s)

Bankruptcy Case No.: 19−24881−GLT
Issued Per July 30, 2020 Proceeding
Chapter: 13
Docket No.: 49 − 11, 33
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

  IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated December 31, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.  For the remainder of the Plan term, the periodic Plan payment is amended to be $4,898 as of August 2020. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.  The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.  Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.  Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.  The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PA Department of Revenue (Claim No. 1); Wilkinsburg Borough real estate (Claim No. 2); Wilkinsburg Borough School District (Claim No. 3); PA Department of Labor and Industry (Claim No. 4) .

☒ H.  Additional Terms: G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: I.R.S. (Claim No. 5); Midfirst Bank (Claim No. 6).

  Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

The claim of County of Allegheny real estate tax is to be paid at statutory rate.

Case 19-24881-GLT    Doc 51    Filed 08/06/20    Entered 08/07/20 00:35:09    Desc Imaged
Certificate of Notice    Page 2 of 6

*(2.)*  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: August 4, 2020

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                       Case No. 19-24881-GLT
Robert J. Leistner                                           Chapter 13
Linda A. Leistner
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: jhel              Page 1 of 2              Date Rcvd: Aug 04, 2020
                              Form ID: 149            Total Noticed: 18


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 06, 2020.
db/jdb         +Robert J. Leistner,   Linda A. Leistner,   1005 Government Road,   Irwin, PA 15642-8818
cr             +Office of Attorney General, Department of Revenue,    Lauren A. Michaels,
                 1251 Waterfront Place,   Mezzanine Level,   Pittsburgh, PA 15222-4227
cr             +United States of America Department of the Treasur,    c/oOffice of U.S. Atty for W.D. of PA,
                 U.S. Post Office & Courthouse,   700 Grant Street, Suite 4000,   Pittsburgh, PA  15219,
                 U.S.A. 15219-1956
cr             +Wilkinsburg School District and Borough of Wilkins,    c/o Maiello Brungo & Maiello, LLP,
                 100 Purity Road,   Suite 3,   Pittsburgh, PA 15235-4441
15175345       +Allegheny County Treasurer,   436 Grant Steet,   Pittsburgh, PA 15219-2497
15192990       +COMMONWEALTH OF PA  UCTS,    DEPARTMENT OF LABOR AND INDUSTRY,    COLLECTIONS SUPPORT UNIT,
                 651 BOAS STREET, ROOM 925,   HARRISBURG, PA 17121-0751
15175347       +First Commonwealth Bank,   c/o McGrath McCall, PC,    Four Gateway Center, Suite 1040,
                 444 Liberty Avenue,   Pittsburgh, PA 15222-1225
15175349       +MidFirst Bank,   999 NorthWest Grand Boulevard,   Oklahoma City, OK 73118-6051
15192451       +Wilkinsburg School District,    c/o Maiello Brungo & Maiello, LLP,    100 Purity Road, Suite 3,
                 Pittsburgh, PA 15235-4441
15175353       +Wilkinsburgh Borough,   c/o Maiello Brungo & Maiello, LLP,    100 Purity Road, Suite 3,
                 Pittsburgh, PA 15235-4441

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/Text: kburkley@bernsteinlaw.com Aug 05 2020 04:23:43     Duquesne Light Company,
                 c/o Bernstein-Burkley, P.C.,   707 Grant Street, Suite 2200, Gulf Tower,
                 Pittsburgh, PA 15219-1945
cr             +E-mail/Text: bankruptcynotice@fcbanking.com Aug 05 2020 04:22:39     First Commonwealth Bank,
                 P. O. Box 400,   654 Philadelphia Street,   Indiana, PA 15701-3930
15175346        E-mail/Text: ra-li-occ-esbkpt-hbg@pa.gov Aug 05 2020 04:22:35     Commonwealth of PA,
                 Deprtment of Labor and Industry,   Collections Support Unit,   651 Boas Street, Room 702,
                 Harrisburg, PA 17121
15175348        E-mail/Text: sbse.cio.bnc.mail@irs.gov Aug 05 2020 04:22:41     Internal Revenue Service,
                 Department of the Treasure,   1000 Liberty Avenue, Room 705,   Pittsburgh, PA 15222
15175350        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 05 2020 04:23:02     PA Dept. of Revenue,
                 PO Box 280946,   Harrisburg, PA 17128-0946
15181854        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 05 2020 04:23:03
                 Pennsylvania Department of Revenue,   Bankruptcy Division P O Box 280946,
                 Harrisburg PA 17128-0946
15175351       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 05 2020 04:25:23     Verizon,   PO Box 248838,
                 Oklahoma City, OK 73124-8838
15175352       +E-mail/Text: rmcbknotices@wm.com Aug 05 2020 04:23:42     Waste Management,
                 2625 W. Grandview Road, Suite 150,   Phoenix, AZ 85023-3109
                                                                                              TOTAL: 8

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              MidFirst Bank
15209933*      +MidFirst Bank,   999 Northwest Grand Boulevard,   Oklahoma City, OK 73118-6051
                                                                                TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2              User: jhel                Page 2 of 2              Date Rcvd: Aug 04, 2020
                                  Form ID: 149              Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 4, 2020 at the address(es) listed below:

              CSU - OUCTS, PA Labor & Industry    ra-li-ucts-bankpitts@state.pa.us
              Corey J. Sacca    on behalf of Joint Debtor Linda A. Leistner csacca@bononilaw.com,
               coreysacca@gmail.com;bankruptcy@bononilaw.com;bononiecfmail@gmail.com;r39887@notify.bestcase.com;
               3230706420@filings.docketbird.com
              Corey J. Sacca    on behalf of Debtor Robert J. Leistner csacca@bononilaw.com,
               coreysacca@gmail.com;bankruptcy@bononilaw.com;bononiecfmail@gmail.com;r39887@notify.bestcase.com;
               3230706420@filings.docketbird.com
              Gary W. Darr    on behalf of Creditor    First Commonwealth Bank gdarr@lenderlaw.com
              James Warmbrodt    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              Jennifer L. Cerce    on behalf of Creditor    Wilkinsburg School District and Borough of
               Wilkinsburg jlc@mbm-law.net
              Jill Locnikar    on behalf of Creditor    United States of America Department of the Treasury,
               Internal Revenue Service jill.locnikar@usdoj.gov,
               patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Lauren Michaels    on behalf of Creditor    Office of Attorney General, Department of Revenue
               lmichaels@attorneygeneral.gov
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 11