

## MIDLAND MORTGAGE

*A division of MidFirst Bank*

September 22, 2021

ROBERT J LEISTNER & LINDA A LEISTNER
1005 GOVERNMENT RD
IRWIN PA  15642-8818

# Read, sign and return.

Please return the enclosed documents to us by 10/25/2021.
Property Address:
1005 GOVERNMENT ROAD
IRWIN, PA  15642

Dear Homeowner:

The Federal Housing Administration (FHA) recently announced a new mortgage assistance plan for those transitioning off the COVID-related delayed-payment plan. Your loan has met FHA's criteria for the plan, called an Advance Loan Modification (ALM). We are required to send you these ALM plan documents, even if you previously requested a different type of assistance plan. Please find the enclosed documents ready for your signature.

**To accept this plan:**

1. Read the instructions on the next page.

2. Read, sign and date two copies of the enclosed documents in the presence of a notary.

3. Return two signed and notarized copies to us by 10/25/2021.

Failure to follow these instructions may result in the documents being rejected.

**If you do not accept this offer, you may still request to be reviewed for other mortgage assistance plans to bring your loan current. To be reviewed for other mortgage assistance plans you may visit our website at MyMidlandMortgage.com or call us at 1-800-552-3000.**

Below are the terms of this modification.

|  | CURRENT TERMS | MODIFIED TERMS |
|---|---|---|
| Principal Balance | $73,383.45 | $83,442.26 |
| Interest Rate | 6.500% | 2.875% |
| Maturity Date | 11/1/2031 | 10/1/2051 |
|  | **CURRENT PAYMENT** | **MODIFIED PAYMENT** |
| Principal and Interest Payment | $790.16 | $346.20 |
| Escrow Payment | $274.35 | $280.47[1] |
| **Total Monthly Payment** | **$1,064.51** | **$626.67** |

[1] *Subject to change at next Escrow Analysis*

Your first payment on the Advance Loan Modification plan in the amount of **$626.67** is due on or before **11/1/2021**. No lump-sum payment is required to proceed with this plan. **The signed and notarized documents must be returned by 10/25/2021**; however, if a foreclosure sale has been scheduled on your property, then you must return the documents to Midland at least 48 hours prior to your scheduled foreclosure sale. Failure to return the documents will prevent your loan modification from being approved, and the collection and/or foreclosure process may proceed without further notice to you.

MM Loan Number:  56213823

The Advance Loan Modification will result in a new, 360-month loan term. Please read the plan documents carefully, make sure you understand the modified terms, and contact us with any questions.

We report the status of the loan, including the loan modification, to credit reporting bureaus. Mortgage payment assistance plans may affect credit scores. For information about credit scores, go to consumer.ftc.gov.

If you have any questions, we can be reached at 1-800-552-3000 Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

Sincerely,

Midland Mortgage, a division of MidFirst Bank

**Notice:** If you have received a bankruptcy discharge of the debt secured by the Mortgage/Deed of Trust, or you are currently in bankruptcy under the protection of the automatic stay, this letter is not an attempt to collect the debt from you personally and is for informational purposes only. If your loan was in default at the time MidFirst Bank obtained it, and you have not filed bankruptcy or received a discharge of the debt secured by the Mortgage/Deed of Trust, we are required to advise you that this communication is from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose.
**Notice to Connecticut and North Carolina Residents:** The purpose of this communication is to collect a debt.
**Notice to Vermont Residents:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991
Document Prepared by:
RPA
MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000

          

Parcel # 5513050005
Tax ID# 5513050005

Please cross-reference to:  Instrument Number: 200110300059663,, WESTMORELAND
County Pennsylvania.

## LOAN MODIFICATION  AGREEMENT
### FIXED RATE LOAN

This Loan Modification Agreement ("Agreement"), made this September 22, 2021, between
**ROBERT J LEISTNER & LINDA A LEISTNER** ("Borrower"),   and MidFirst Bank, a federally
chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118
("Lender") renews, amends, supplements and extends: (1) the Mortgage, Deed of Trust, or
Security Deed ("Security Instrument") originated on 10/29/2001, recorded on 10/30/2001, in
Instrument Number: 200110300059663,, in WESTMORELAND  County, Pennsylvania  and (2)
the Promissory Note ("Note") bearing the same date, in the original principal amount of
$125,012.00 and secured by, the Security Instrument and other loan documents typically
referred to as "addenda" or "riders" (collectively referred to herein as "Loan Documents"), which
are secured by the real and personal property described in the Security Instrument, located at
1005 GOVERNMENT ROAD, IRWIN, PA  15642, the real property described being set forth as

Borrower Initial Lines

Page 1 of the Loan Modification Agreement
Order Number: 13722079

*Please add the appropriate number of initial lines for each
signatory over 4

follows:

See Exhibit "A" attached hereto and made a part hereof.

Parcel # 5513050005

(Herein defined as "Property").

**Capitalized Amount: $10,058.81**
Being the same property conveyed to ROBERT J. LEISTNER AND LINDA A. LEISTNER,
HUSBAND AND WIFE by Deed recorded 10/30/2001 and recorded in Instrument Number:
200110300059662 in WESTMORELAND County Pennsylvania.

Borrower is in default or at imminent risk of default under the Loan Documents and desires (i) that the
Lender forbear from exercising its rights under the Loan Documents, (ii) to extend or rearrange the time
and manner of payment of the Note and other obligations due to Lender under the Loan Documents, and
(iii) to extend and carry forward the lien(s) on the Property, whether created by the Security Instrument or
otherwise.  Lender, the legal holder entitled to enforce the Note and of the lien(s) securing the same, has
agreed to Borrower's request to so forbear, to extend or rearrange the time and manner of payment of the
Note, and to grant certain other financial accommodations pursuant to the terms of this Agreement.

In consideration of the mutual promises and agreements exchanged, and other good and
valuable consideration paid by each of the parties to the other, the receipt and sufficiency of
which is hereby acknowledged, the parties mutually agree to modify, renew and extend the Note
and Security Instrument and any other Loan Documents, as follows (notwithstanding anything to
the contrary contained in the Note or Security Instrument):

1. **<u>Acknowledgement of Modified Balance and Expenses:</u>**

   Borrower acknowledges that as of the date of the first payment due under this
   Agreement, Borrower owes Lender the unpaid balance of **$83,442.26** ("Modified
   Principal Balance") in addition to the other fees, charges and expenses described in the
   section of the agreement entitled "Acknowledgement of Unpaid Fees and Costs." The
   Modified Principal Balance includes unpaid principal of **$73,383.45**, unpaid interest of
   **$4,769.88**, escrow advanced of **$5,288.93**.

   Borrower hereby renews, extends and promises to pay the Modified Principal Balance to
   the order of Lender.

   Interest will be charged on the Modified Principal Balance until the full amount of the
   Modified Principal Balance and the other amounts due hereunder and under the Loan
   Documents have been paid in accordance with the terms and conditions of the Loan
   Documents, as modified by this Agreement. All references in the Loan Documents and
   this Agreement to "Principal" shall be deemed to refer to the Modified Principal Balance.

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

2. **Acknowledgement of Unpaid Fees and Costs:**

Borrower agrees to remain responsible for payment of allowable costs and fees now due and owing ("Unpaid Fees and Costs") plus other allowable late charges, costs, fees and expenses incurred after this Agreement becomes effective (the total sum of which is referred to as "Fees and Costs"). Borrower agrees and acknowledges that Borrower received notice of Unpaid Fees and Costs due as of a date certain prior to execution of this Agreement.

Lender has agreed to postpone the collection of any outstanding Fees and Costs that are not paid in advance or that are not included in the Modified Principal Balance. Fees and Costs not included in the Modified Principal Balance remain due and owing as part of the debt secured by the Loan Documents to the extent provided in the Loan Documents and as otherwise permissible under applicable law. The outstanding Fees and Costs remain due and payable to Lender and shall be paid by Borrower, with interest as permitted by the Loan Documents. Furthermore, outstanding Fees and Costs shall be payable to Lender on demand of Lender and shall be secured by the Security Instrument to the extent provided in the Security Instrument and otherwise permissible under applicable laws and requirements.

3. **Interest Calculation:**

Interest will be calculated at a fixed yearly interest rate of **2.875%**.

4. **Payment Amounts, Time of Payments And Maturity Date:**

a. Borrower acknowledges and agrees that Borrower shall, beginning on **11/1/2021** through the Maturity Date, make monthly payments of U.S. **$346.20** for principal and interest and shall continue to make such payments in accordance with the terms and conditions set forth in the Loan Documents until the Modified Principal Balance is paid in full.

b. An escrow account has been established under the terms and conditions of the Loan Documents. Borrower will make an escrow payment each month on each payment due date. The escrow payment currently is **$280.47** per month, which is subject to change depending on the amounts attributable to taxes, insurance and other escrow items. **The present combined Monthly Payment and Escrow Payment will be $626.67**. The escrow payment will be re-analyzed from time to time in accordance with the terms of the Loan Documents to determine the appropriate escrow payment amount so that taxes, insurance and other escrow items may be paid appropriately. The escrow payment will be combined with the monthly principal and interest payment amount.

c. The Maturity Date of the Loan is set to **10/1/2051**. If Borrower still owes amounts to Lender on the Maturity Date, Borrower will pay these amounts in full on the Maturity Date.

5. **Acknowledgment of Pre-Existing Conditions to Loan Modification:**

Borrower Initial Lines

Page 3 of the Loan Modification Agreement
Order Number: 13722079

*Please add the appropriate number of initial lines for each signatory over 4

The Borrower acknowledges and agrees this Agreement is subject to the following, conditions, which must exist at the time this Agreement is executed:

a. All payments set forth in the Payment Schedule under the Loan Modification Trial Plan Agreement must have been made according to the Payment Schedule;

b. The Property has no physical conditions that will adversely affect the Borrower's continued use of the Property or interfere with the Borrower's ability to make payments as required under this Agreement; and

c. The Borrower (one or more) is occupying the Property as the Borrower's primary residence, unless occupancy by a Borrower is expressly not required by applicable Investor or Insurer guidance and program requirements; and

d. The Lender remains in first lien position and there are no outstanding liens and/or judgments against the Property; and

e. If applicable, Bankruptcy Court approval; and

f. If applicable, all requirements for an assumption of the loan are satisfied and Lender has approved the assumption.

The Borrower acknowledges and agrees that in the event the conditions set forth in this paragraph are not satisfied, this Agreement shall become null and void unless otherwise expressly agreed by Lender in writing. In the event this Agreement becomes null and void as set forth in this paragraph, Borrower acknowledges and agrees all provisions of the Loan Documents shall continue in full force and effect and Lender shall be under no obligation to modify any provision of the Loan Documents under this Agreement.

6. **Place of Payment:**

Borrower agrees to make payments at the following address or such other place as the Lender may require upon written notice to Borrower:

Midland Mortgage - A Division of MidFirst Bank
Attn: Cashiers
P.O. Box 268888
Oklahoma City, OK  73126-8888

7. **Adjustable Rate Loan Provisions in Note:**

If the interest rate in the Interest Calculation section of this Agreement is calculated as provided in the Note, any rate and payment adjustment provisions in the Note will apply. If the interest rate in the Interest Calculation section of this Agreement is fixed, any rate and payment adjustment provisions in the Note will not apply.

8. **Sale or Transfer of Property by Borrower:**

a. If all or any part of the Property or any interest in it is sold or transferred (or, if Borrower is not a natural person, any beneficial interest in Borrower is sold or transferred) without the Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

b. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of the designated period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

## 9. <u>Compliance with Loan Documents:</u>

Borrower represents that, except for the payments described in this Agreement, Borrower is in full compliance with the covenants in the Loan Documents and that all of the representations and warranties contained in the Loan Documents are true, correct or satisfied as of the effective date of this Agreement.

## 10. <u>Renewal and Extension:</u>

It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance and other obligations to Lender, have been fully paid. Borrower and Lender acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner affect or impair the Note or the liens and security interests securing the Note. The parties mutually agree that the purposes of this Agreement is to extend, modify, amend or rearrange the time and manner of payment of the Loan Documents and the indebtedness evidenced thereby, and to carry forward all liens and security interests (including, if applicable, any and all vendor's liens), which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect to fully secure the payment of the Note.

## 11. <u>No Waiver of Lender's Rights Regarding Default:</u>

All the rights, remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents also shall apply to default in the making of the modified payments hereunder. Nothing contained herein shall be deemed to be a waiver by Lender of any terms or conditions of the Loan Documents as modified by this Agreement. This Agreement shall in no way be deemed to be a waiver of Lender's rights and remedies by reason of any default by Borrower under the Loan Documents as herein modified, including without limitation future payment defaults. Nothing in this Agreement shall constitute an agreement by Lender to any future modification of the Loan Documents and Lender expressly reserves the right to refuse to agree to any future modifications.

## 12. <u>Bankruptcy:</u>

If, since inception of this loan through date of this Agreement, Borrower has received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

underlying debt, the Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Agreement. The parties acknowledge that Lender retains certain rights, including but not limited to, the right to foreclose its interest in the property under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its right and pursuing its remedies under the Security Instrument as a result of Borrower's default. The parties agree that if approval of this Agreement by the Bankruptcy Court is required and not received, this Agreement shall be null and void and of no further force or effect.

### 13. Loan Documents Remain In Full Force and Effect:

The provisions of the Loan Documents, as amended by this Agreement, shall continue in full force and effect, and Borrower acknowledges and reaffirms Borrower's liability to Lender under the Loan Documents, subject to the terms of the Bankruptcy section of this Agreement. In the event of any inconsistency between this Agreement and the terms of the Loan Documents, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a novation, satisfaction or release, in whole or in part, of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents remain unchanged, and Borrower and Lender are bound and must comply with all of the terms and provisions of the Loan Documents, except as amended by this Agreement.

### 14. Execution of Additional Documentation:

Borrower agrees to make and execute other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement, which if approved and accepted by Lender, shall be incorporated into this Agreement and shall bind and inure to Borrower's heirs, executors, administrators, and assigns.

### 15. Miscellaneous:

Lender does not, by execution of this Agreement, waive any rights it may have against any person not a party to the Agreement.

a. If any court of competent jurisdiction shall declare any provision of this Agreement to be invalid, to any extent, the remainder of the Agreement shall not be affected thereby and shall continue in full force and effect to bind the parties.

b. This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

c. This Agreement shall be governed by the laws of the State where the Property is located.

### 16. Effective Date:

Borrower Initial Lines

Page 6 of the Loan Modification Agreement
Order Number: 13722079

*Please add the appropriate number of initial lines for each signatory over 4

This Agreement is effective upon the execution of this Agreement by Lender and Borrower.

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS LOAN MODIFICATION AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS AND ANY EXHIBITS AND SCHEDULES THERETO, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND CONTROL OVER ALL PRIOR NEGOTIATIONS, AGREEMENTS AND UNDERTAKINGS BETWEEN THE PARTIES WITH RESPECT TO SUCH MATTER. ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED. THIS LOAN MODIFICATION AGREEMENT MAY BE AMENDED OR CHANGED ONLY BY A WRITTEN INSTRUMENT EXECUTED BY THE PARTIES OR THEIR AUTHORIZED ASSIGNEES.**

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

BORROWER

_____
ROBERT J LEISTNER

_____
LINDA A LEISTNER

Acknowledgement

STATE OF Pennsylvania                                    )
                                                        ) SS:
COUNTY OF **WESTMORELAND**                               )

On the 12 day of October , 2021 , before me, the undersigned, a notary public in and for said state, personally appeared **ROBERT J LEISTNER & LINDA A LEISTNER**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed name of notary

County of Residence: Allegheny .

Commission Number: 1351613

My Commission Expires: 6/14/23

Commonwealth of Pennsylvania - Notary Seal
JENNIFER LYNCH - Notary Public
Allegheny County
My Commission Expires June 14, 2023
Commission Number 1351613

LENDER

**MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118**

_____
Vice President, **MidFirst Bank**

_____
Printed Name

Acknowledgement

STATE OF OKLAHOMA    ·    )
                               ) SS:
COUNTY OF OKLAHOMA    )

       On the _____ day of _____, 20___, before me, the undersigned, a notary public in and for said state, personally appeared _____, who acknowledged himself/herself/themselves to be a Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

       In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

County of Residence: _____

_____
Printed Name of Notary

My Commission Expires:_____

**Exhibit "A"**

BEING KNOWN AS LOT NO. 1 ON THE PLAN OF SURVEY MADE BY THOMAS P. HERRON, AUGUST, 1938, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS TO-WIT:    BEGINNING AT A POINT IN THE CENTER OF THE TOWNSHIP ROAD NOW KNOWN AS GOVERNMENT ROAD LEADING FROM THE PAINTERTOWN STATE ROAD TO THE HARRISON CITY STATE ROAD, WHICH POINT IS ON LINE OF LOT NO. 1 HEREIN CONVEYED AND LOT NOW OR FORMERLY OF J.T. LONG; THENCE NORTH 16 DEGREES 47 MINUTES WEST, A DISTANCE OF 291 FEET TO A STAKE ON THE SOUTHERLY LINE OF A 40 FEET STREET DEDICATED FOR THE USE OF THE TRAVELLING PUBLIC, THENCE ALONG THE SOUTHERLY LINE OF THE SAID 40 FOOT STREET, NORTH 77 DEGREES 30 MINUTES EAST A DISTANCE OF 169.5 FEET TO A STAKE COMMON TO THE LOT HEREIN CONVEYED, THE SAID 40 FEET STREET AND LOT NO. 2 IN SAID PLAN; THENCE ALONG THE BOUNDARY LINE OF LOT NO. 1 AND LOT NO. 2 IN SAID UNRECORDED PLAN, SOUTH 12 DEGREES 30 MINUTES EAST, A DISTANCE OF 290.4 FEET TO A POINT IN THE CENTER OF GOVERNMENT ROAD; THENCE ALONG THE CENTER LINE OF THE TOWNSHIP ROAD AFORESAID, SOUTH 77 DEGREES 30 MINUTES WEST, A DISTANCE OF 150 FEET TO A POINT, THE PLACE OF BEGINNING.

**Parcel #** 5513050005

**Tax ID# 5513050005**



# MIDLAND MORTGAGE

*A division of MidFirst Bank*

## CERTIFICATE OF RESIDENCE

**MORTGAGE MODIFICATION AGREEMENT**
**TITLE OF DOCUMENT**

BETWEEN:

**ROBERT J LEISTNER & LINDA A LEISTNER**
*(ASSIGNOR/MORTGAGOR/GRANTOR)*

**AND**

**MIDFIRST BANK**
*(ASSIGNEE/MORTGAGEE/GRANTEE)*

*The precise address of the within ASSIGNOR/MORTGAGOR/GRANTOR is:*

**1005 GOVERNMENT ROAD  IRWIN, PA  15642**

BORROWER

_____ (SEAL)      DATE  10/12/21
ROBERT J LEISTNER

_____ (SEAL)      DATE  10/12/21
LINDA A LEISTNER

Loan ID: 3823


A division of MidFirst Bank

## CERTIFICATION OF CONDITION

Loan Number:        56213823

Property Address:    1005 GOVERNMENT ROAD
                     IRWIN, PA  15642

By signing this, I (we) certify that the property located at the address identified above, which is the subject of the loan referenced above, has no physical conditions that will adversely affect the continued use of the property or interfere with my (our) ability to maintain the monthly mortgage payments.

BORROWER

_____ (SEAL)        _____
ROBERT J LEISTNER                       DATE  10|12|21

_____ (SEAL)        _____
LINDA A LEISTNER                        DATE  10|12|21

Loan ID: 3823



**MIDLAND MORTGAGE**

*A division of MidFirst Bank*

September 22, 2021

ROBERT J LEISTNER & LINDA A LEISTNER
1005 GOVERNMENT ROAD
IRWIN, PA  15642

### ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of Lender, as that term is defined in the Loan Modification Agreement, agreeing to modify the referenced loan ("Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to service the loan according to the terms of any servicing agreement, or otherwise sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs any municipal bond authority, or any other investor.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

BORROWER

_____ (SEAL)    _10_|_12_|_21_____
ROBERT J LEISTNER                          DATE

_____ (SEAL)    _10_|_12_|_21_____
LINDA A LEISTNER                           DATE

Loan ID: 3823

# Mortgage Assistance Plan Evaluation Notice

| Mortgagor | ROBERT J LEISTNER | Loan | 56213823 |
|---|---|---|---|
| Co-Mortgagor | LINDA A LEISTNER | | |
| Mailing Address | 1005 GOVERNMENT RD IRWIN, PA 15642-8818 | Property Address | 1005 GOVERNMENT ROAD IRWIN, PA  15642 |

## Congratulations on your plan approval!

You've completed the mortgage assistance application process and are approved for the following plan. To accept the assistance plan offered, please follow the instructions included with your enclosed plan documents.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 ALM (Advance Loan Modification) | You qualified for this mortgage assistance program. |

### Other plans for which you were evaluated

There were several other plans for which you did not qualify. Below is the list of mortgage assistance plans for which your application was evaluated, and the reason why you did not qualify for each plan. Each determination was based upon your individual circumstances and the investor and insurer guidelines that govern your loan.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 Recovery Standalone Partial Claim | Investor/Insurer Hierarchy.  You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Recovery Modification (Arrears Only) | Investor/Insurer Hierarchy.  You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Recovery Modification (Full PC) | Partial Claim Available insufficient to cure arrearages.  We are unable to offer you this plan because the Partial Claim limit available to you under the HAMP guidelines is insufficient to cure the delinquency on your account. |
| COVID-19 Recovery Modification | Investor/Insurer Hierarchy.  You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Recovery Non-Occupant Loan Mod | Investor/Insurer Hierarchy.  You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |

### Call us with questions

Call us at 1-800-552-3000 if you have any questions or would like to check the status of your account. We can assist you Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

### Escalations

If you believe your application for mortgage assistance has been denied due to an improper analysis of your information or in violation of HUD Loss Mitigation policies, you may submit a request in writing using the following methods below:

You can contact us by **fax** 1-405-767-5815 or **email** mac@midfirst.com or by **mail** at Midland Mortgage, P.O. Box 268806, Oklahoma City, OK 73126-8806.

Notice: If you fail to comply with the terms included with your plan documents and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure. Additionally, your loan could be included in a Single Family Loan Sale Program administered by the Federal Housing Administration (FHA).

follows:

See Exhibit "A" attached hereto and made a part hereof.

Parcel # 5513050005

(Herein defined as "Property").

**Capitalized Amount: $10,058.81**
Being the same property conveyed to ROBERT J. LEISTNER AND LINDA A. LEISTNER, HUSBAND AND WIFE by Deed recorded 10/30/2001 and recorded in Instrument Number: 200110300059662 in WESTMORELAND County Pennsylvania.

Borrower is in default or at imminent risk of default under the Loan Documents and desires (i) that the Lender forbear from exercising its rights under the Loan Documents, (ii) to extend or rearrange the time and manner of payment of the Note and other obligations due to Lender under the Loan Documents, and (iii) to extend and carry forward the lien(s) on the Property, whether created by the Security Instrument or otherwise. Lender, the legal holder entitled to enforce the Note and of the lien(s) securing the same, has agreed to Borrower's request to so forbear, to extend or rearrange the time and manner of payment of the Note, and to grant certain other financial accommodations pursuant to the terms of this Agreement.

In consideration of the mutual promises and agreements exchanged, and other good and valuable consideration paid by each of the parties to the other, the receipt and sufficiency of which is hereby acknowledged, the parties mutually agree to modify, renew and extend the Note and Security Instrument and any other Loan Documents, as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. **Acknowledgement of Modified Balance and Expenses:**

    Borrower acknowledges that as of the date of the first payment due under this Agreement, Borrower owes Lender the unpaid balance of **$83,442.26** ("Modified Principal Balance") in addition to the other fees, charges and expenses described in the section of the agreement entitled "Acknowledgement of Unpaid Fees and Costs." The Modified Principal Balance includes unpaid principal of **$73,383.45**, unpaid interest of **$4,769.88**, escrow advanced of **$5,288.93**.

    Borrower hereby renews, extends and promises to pay the Modified Principal Balance to the order of Lender.

    Interest will be charged on the Modified Principal Balance until the full amount of the Modified Principal Balance and the other amounts due hereunder and under the Loan Documents have been paid in accordance with the terms and conditions of the Loan Documents, as modified by this Agreement. All references in the Loan Documents and this Agreement to "Principal" shall be deemed to refer to the Modified Principal Balance.

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

2. **Acknowledgement of Unpaid Fees and Costs:**

Borrower agrees to remain responsible for payment of allowable costs and fees now due and owing ("Unpaid Fees and Costs") plus other allowable late charges, costs, fees and expenses incurred after this Agreement becomes effective (the total sum of which is referred to as "Fees and Costs"). Borrower agrees and acknowledges that Borrower received notice of Unpaid Fees and Costs due as of a date certain prior to execution of this Agreement.

Lender has agreed to postpone the collection of any outstanding Fees and Costs that are not paid in advance or that are not included in the Modified Principal Balance. Fees and Costs not included in the Modified Principal Balance remain due and owing as part of the debt secured by the Loan Documents to the extent provided in the Loan Documents and as otherwise permissible under applicable law. The outstanding Fees and Costs remain due and payable to Lender and shall be paid by Borrower, with interest as permitted by the Loan Documents. Furthermore, outstanding Fees and Costs shall be payable to Lender on demand of Lender and shall be secured by the Security Instrument to the extent provided in the Security Instrument and otherwise permissible under applicable laws and requirements.

3. **Interest Calculation:**

Interest will be calculated at a fixed yearly interest rate of **2.875%**.

4. **Payment Amounts, Time of Payments And Maturity Date:**

   a. Borrower acknowledges and agrees that Borrower shall, beginning on **11/1/2021** through the Maturity Date, make monthly payments of U.S. **$346.20** for principal and interest and shall continue to make such payments in accordance with the terms and conditions set forth in the Loan Documents until the Modified Principal Balance is paid in full.
   b. An escrow account has been established under the terms and conditions of the Loan Documents. Borrower will make an escrow payment each month on each payment due date. The escrow payment currently is **$280.47** per month, which is subject to change depending on the amounts attributable to taxes, insurance and other escrow items. **The present combined Monthly Payment and Escrow Payment will be $626.67**. The escrow payment will be re-analyzed from time to time in accordance with the terms of the Loan Documents to determine the appropriate escrow payment amount so that taxes, insurance and other escrow items may be paid appropriately. The escrow payment will be combined with the monthly principal and interest payment amount.
   c. The Maturity Date of the Loan is set to **10/1/2051**. If Borrower still owes amounts to Lender on the Maturity Date, Borrower will pay these amounts in full on the Maturity Date.

5. **Acknowledgment of Pre-Existing Conditions to Loan Modification:**

Borrower Initial Lines

*Please add the appropriate number of initial lines for each
signatory over 4

The Borrower acknowledges and agrees this Agreement is subject to the following, conditions, which must exist at the time this Agreement is executed:

    a. All payments set forth in the Payment Schedule under the Loan Modification Trial Plan Agreement must have been made according to the Payment Schedule;

    b. The Property has no physical conditions that will adversely affect the Borrower's continued use of the Property or interfere with the Borrower's ability to make payments as required under this Agreement; and

    c. The Borrower (one or more) is occupying the Property as the Borrower's primary residence, unless occupancy by a Borrower is expressly not required by applicable Investor or Insurer guidance and program requirements; and

    d. The Lender remains in first lien position and there are no outstanding liens and/or judgments against the Property; and

    e. If applicable, Bankruptcy Court approval; and

    f. If applicable, all requirements for an assumption of the loan are satisfied and Lender has approved the assumption.

The Borrower acknowledges and agrees that in the event the conditions set forth in this paragraph are not satisfied, this Agreement shall become null and void unless otherwise expressly agreed by Lender in writing. In the event this Agreement becomes null and void as set forth in this paragraph, Borrower acknowledges and agrees all provisions of the Loan Documents shall continue in full force and effect and Lender shall be under no obligation to modify any provision of the Loan Documents under this Agreement.

**6. <u>Place of Payment</u>:**

Borrower agrees to make payments at the following address or such other place as the Lender may require upon written notice to Borrower:

Midland Mortgage - A Division of MidFirst Bank
Attn: Cashiers
P.O. Box 268888
Oklahoma City, OK  73126-8888

**7. <u>Adjustable Rate Loan Provisions in Note</u>:**

If the interest rate in the Interest Calculation section of this Agreement is calculated as provided in the Note, any rate and payment adjustment provisions in the Note will apply. If the interest rate in the Interest Calculation section of this Agreement is fixed, any rate and payment adjustment provisions in the Note will not apply.

**8. <u>Sale or Transfer of Property by Borrower</u>:**

    a. If all or any part of the Property or any interest in it is sold or transferred (or, if Borrower is not a natural person, any beneficial interest in Borrower is sold or transferred) without the Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

b.  If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of the designated period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

## 9.  Compliance with Loan Documents:

Borrower represents that, except for the payments described in this Agreement, Borrower is in full compliance with the covenants in the Loan Documents and that all of the representations and warranties contained in the Loan Documents are true, correct or satisfied as of the effective date of this Agreement.

## 10.  Renewal and Extension:

It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance and other obligations to Lender, have been fully paid. Borrower and Lender acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner affect or impair the Note or the liens and security interests securing the Note. The parties mutually agree that the purposes of this Agreement is to extend, modify, amend or rearrange the time and manner of payment of the Loan Documents and the indebtedness evidenced thereby, and to carry forward all liens and security interests (including, if applicable, any and all vendor's liens), which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect to fully secure the payment of the Note.

## 11.  No Waiver of Lender's Rights Regarding Default:

All the rights, remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents also shall apply to default in the making of the modified payments hereunder. Nothing contained herein shall be deemed to be a waiver by Lender of any terms or conditions of the Loan Documents as modified by this Agreement. This Agreement shall in no way be deemed to be a waiver of Lender's rights and remedies by reason of any default by Borrower under the Loan Documents as herein modified, including without limitation future payment defaults. Nothing in this Agreement shall constitute an agreement by Lender to any future modification of the Loan Documents and Lender expressly reserves the right to refuse to agree to any future modifications.

## 12.  Bankruptcy:

If, since inception of this loan through date of this Agreement, Borrower has received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

underlying debt, the Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Agreement. The parties acknowledge that Lender retains certain rights, including but not limited to, the right to foreclose its interest in the property under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its right and pursuing its remedies under the Security Instrument as a result of Borrower's default. The parties agree that if approval of this Agreement by the Bankruptcy Court is required and not received, this Agreement shall be null and void and of no further force or effect.

## 13. Loan Documents Remain In Full Force and Effect:

The provisions of the Loan Documents, as amended by this Agreement, shall continue in full force and effect, and Borrower acknowledges and reaffirms Borrower's liability to Lender under the Loan Documents, subject to the terms of the Bankruptcy section of this Agreement. In the event of any inconsistency between this Agreement and the terms of the Loan Documents, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a novation, satisfaction or release, in whole or in part, of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents remain unchanged, and Borrower and Lender are bound and must comply with all of the terms and provisions of the Loan Documents, except as amended by this Agreement.

## 14. Execution of Additional Documentation:

Borrower agrees to make and execute other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement, which if approved and accepted by Lender, shall be incorporated into this Agreement and shall bind and inure to Borrower's heirs, executors, administrators, and assigns.

## 15. Miscellaneous:

Lender does not, by execution of this Agreement, waive any rights it may have against any person not a party to the Agreement.

a. If any court of competent jurisdiction shall declare any provision of this Agreement to be invalid, to any extent, the remainder of the Agreement shall not be affected thereby and shall continue in full force and effect to bind the parties.

b. This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

c. This Agreement shall be governed by the laws of the State where the Property is located.

## 16. Effective Date:

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

This Agreement is effective upon the execution of this Agreement by Lender and Borrower.

**IMPORTANT:  READ BEFORE SIGNING.  THE TERMS OF THIS LOAN MODIFICATION AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS AND ANY EXHIBITS AND SCHEDULES THERETO, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND CONTROL OVER ALL PRIOR NEGOTIATIONS, AGREEMENTS AND UNDERTAKINGS BETWEEN THE PARTIES WITH RESPECT TO SUCH MATTER.  ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE.  NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED.  THIS LOAN MODIFICATION AGREEMENT MAY BE AMENDED OR CHANGED ONLY BY A WRITTEN INSTRUMENT EXECUTED BY THE PARTIES OR THEIR AUTHORIZED ASSIGNEES.**

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

BORROWER

_____

ROBERT J LEISTNER

_____

LINDA A LEISTNER

Acknowledgement

STATE OF Pennsylvania                                    )
                                                        ) SS:
COUNTY OF **WESTMORELAND**                              )

    On the 12 day of October, 2021, before me, the undersigned, a notary public in and for said state, personally appeared **ROBERT J LEISTNER & LINDA A LEISTNER**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

    In witness whereof, I hereunto set my hand and official seal.

Notary Public

Jennifer Lynch
Printed name of notary

County of Residence: Allegheny

Commission Number: 1351613

My Commission Expires: 6/14/23

Commonwealth of Pennsylvania · Notary Seal
JENNIFER LYNCH · Notary Public
Allegheny County
My Commission Expires June 14, 2023
Commission Number 1351613

LENDER

**MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd.
Oklahoma City, OK 73118**

_____

Vice President, **MidFirst Bank**

_____

Printed Name

Acknowledgement

STATE OF OKLAHOMA          )
                           ) SS:
COUNTY  OF OKLAHOMA         )

On the _____ day of _____, 20___, before me, the undersigned, a notary public in and for said state, personally appeared _____, who acknowledged himself/herself/themselves to be a Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____           County of Residence: _____

Notary Public

_____           My Commission Expires:_____

Printed Name of Notary

**Exhibit "A"**

BEING KNOWN AS LOT NO. 1 ON THE PLAN OF SURVEY MADE BY THOMAS P. HERRON, AUGUST, 1938, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS TO-WIT:    BEGINNING AT A POINT IN THE CENTER OF THE TOWNSHIP ROAD NOW KNOWN AS GOVERNMENT ROAD LEADING FROM THE PAINTERTOWN STATE ROAD TO THE HARRISON CITY STATE ROAD, WHICH POINT IS ON LINE OF LOT NO. 1 HEREIN CONVEYED AND LOT NOW OR FORMERLY OF J.T. LONG; THENCE NORTH 16 DEGREES 47 MINUTES WEST, A DISTANCE OF 291 FEET TO A STAKE ON THE SOUTHERLY LINE OF A 40 FEET STREET DEDICATED FOR THE USE OF THE TRAVELLING PUBLIC, THENCE ALONG THE SOUTHERLY LINE OF THE SAID 40 FOOT STREET, NORTH 77 DEGREES 30 MINUTES EAST A DISTANCE OF 169.5 FEET TO A STAKE COMMON TO THE LOT HEREIN CONVEYED, THE SAID 40 FEET STREET AND LOT NO. 2 IN SAID PLAN; THENCE ALONG THE BOUNDARY LINE OF LOT NO. 1 AND LOT NO. 2 IN SAID UNRECORDED PLAN, SOUTH 12 DEGREES 30 MINUTES EAST, A DISTANCE OF 290.4 FEET TO A POINT IN THE CENTER OF GOVERNMENT ROAD; THENCE ALONG THE CENTER LINE OF THE TOWNSHIP ROAD AFORESAID, SOUTH 77 DEGREES 30 MINUTES WEST, A DISTANCE OF 150 FEET TO A POINT, THE PLACE OF BEGINNING.

**Parcel #** 5513050005

**Tax ID# 5513050005**



**MIDLAND MORTGAGE**

*A division of MidFirst Bank*

### CERTIFICATE OF RESIDENCE

<u>**MORTGAGE MODIFICATION AGREEMENT**</u>
**TITLE OF DOCUMENT**

BETWEEN:

<u>**ROBERT J LEISTNER & LINDA A LEISTNER**</u>
*(ASSIGNOR/MORTGAGOR/GRANTOR)*

**AND**

<u>**MIDFIRST BANK**</u>
*(ASSIGNEE/MORTGAGEE/GRANTEE)*

*The precise address of the within ASSIGNOR/MORTGAGOR/GRANTOR is:*

**1005 GOVERNMENT ROAD  IRWIN, PA  15642**

BORROWER

_____ (SEAL)   DATE ___10/12/21___
ROBERT J LEISTNER

_____ (SEAL)   DATE ___10/12/21___
LINDA A LEISTNER

Loan ID: 3823



## CERTIFICATION OF CONDITION

Loan Number:        56213823

Property Address:   1005 GOVERNMENT ROAD
                    IRWIN, PA  15642

By signing this, I (we) certify that the property located at the address identified above, which is the subject of the loan referenced above, has no physical conditions that will adversely affect the continued use of the property or interfere with my (our) ability to maintain the monthly mortgage payments.

BORROWER

_____ (SEAL)    _____10/12/21_____
ROBERT J LEISTNER                   DATE

_____ (SEAL)    _____10/12/21_____
LINDA A LEISTNER                    DATE

Loan ID: 3823



**/// MIDLAND MORTGAGE**

*A division of MidFirst Bank*

September 22, 2021

ROBERT J LEISTNER & LINDA A LEISTNER
1005 GOVERNMENT ROAD
IRWIN, PA  15642

### ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of Lender, as that term is defined in the Loan Modification Agreement, agreeing to modify the referenced loan ("Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to service the loan according to the terms of any servicing agreement, or otherwise sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs any municipal bond authority, or any other investor.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

BORROWER

_____ (SEAL)    ___10/12/21___
ROBERT J LEISTNER                           DATE

_____ (SEAL)    ___10/12/21___
LINDA A LEISTNER                            DATE

Loan ID: 3823